UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA : 

   v.                                :         1:24-mj-320

JAYVON GATTISON          :

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

The government charged Mr. Gattison by complaint, in violation of 18 U.S.C. 922(g) and requested his pretrial detention, asserting that there are no conditions or combination of conditions that will reasonably assure the safety of the community. The government's arguments fall short because: 1) There is a presumption of release; 2) Mr. Gattison is gainfully employed with two jobs; and 3) Mr. Gattison has a marginal record.

Mr. Gattison is a young man who works two jobs: he is a maintenance worker for an assisted living facility and also works security at a music venue called Echo Stage. The government's request for detention stems primarily from its overexaggeration of Mr. Gattison's record, claiming that he had a firearms conviction in November 2019 and because he "has already killed another person." Govt Memo at 12. But Mr. Gattison was not convicted in November 2019. The case was transferred to Circuit Court in November 2019 and he was given "stet docket" in November 2020 – a disposition that includes neither a finding of guilt or a conviction. Exh. A. Moreover, as the Court can see from the attached exhibit, Mr. Gattison was convicted of only manslaughter because the decedent and two other individuals were robbing him at gun point when Mr. Gattison acted in self-defense. Exh. B. In short, Mr. Gattison has only one conviction and that case arose from an incident where he was fortunate to escape with

his life. While Mr. Gattison should not be a subject of a gun allegation in this case, counsel is proposing a set of strict conditions that will keep him restrict him to his mother's home outside of work hours and will include location monitoring.

## Argument

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b) and (c)(1)(B). The Supreme Court has explained: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); see also *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose."). As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*. at 1405.

The government bears the burden of demonstrating, by clear and convincing evidence, that preventative detention is necessary to ensure the safety of the community. No rebuttable presumption exists in this case so the burden of production and proof rests with the government. The government must ultimately prove that detention is necessary by the weighty "clear and convincing evidence" standard. Because it cannot prove that Mr. Gattison is dangerous, with any combination of conditions, he should be released.

Under the Bail Reform Act, the Court must consider the following factors when determining whether the government has set forth clear and convincing evidence that Mr. Gattison be detained. They are: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence; 3) the history and characteristics of the person charged; and 4) the nature and seriousness of the danger posed by the person to any person in the community if he is released. 18 U.S.C. 3142 (g). Weighing all of these factors, this Court should release Mr. Gattison.

1. Nature and Circumstances of the Offense Charged

The nature and circumstances of the offense charged weigh in favor of release. Mr. Gattison is accused of possessing a firearm.

The government argues that Mr. Gattison possessed the firearm in a particularly dangerous manner. But the allegation was that Mr. Gattison possessed the firearm in a bag, rather than on his person. There is no allegation that he fired, wielded or used the gun in any way. And he did not run when approached by police. While the government argues that firearm possession is inherently dangerous, firearm possession is a right guaranteed by the Constitution. And as Mr. Gattison has so unfortunately learned firsthand, (and as the Constitution now recognizes), firearms can be the only effective manner in which a person can defend himself.

The government also recites its now familiar but also outdated parade of horribles about crime related to the pandemic in the District. But the government declines to acknowledge that homicides and other violent crimes have dropped precipitously in the past year. Homicides rates have returned to prepandemic levels and violent crime is the lowest that it has been in several years.

| Offense | 2023 | 2024 | Percent Change |
|---|---|---|---|
| Homicide | 224 | 155 | -31% |
| Sex Abuse | 148 | 123 | -17% |
| Assault w/ a Dangerous Weapon | 1,173 | 838 | -29% |
| Robbery | 2,776 | 1,701 | -39% |
| **Violent Crime - Total** | **4,321** | **2,820** | **-35%** |

https://mpdc.dc.gov/page/district-crime-data-glance (last accessed October 20, 2024).

But as the Court knows, Mr. Gattison is not accused to have robbed or murdered anyone with the firearm. He is alleged to have been standing with other individuals, minding his own business, allegedly smoking marijuana, when police officers approached and searched him.

2. The weight of the evidence

The weight of the evidence in this case favors release. There is no fingerprint evidence linking Mr. Gattison to the gun and the government has not indicated any potential DNA evidence. While it is alleged that Mr. Gattison's identification was found inside the backpack,

there is no evidence that the identification was found in the same compartment. The government points to no information that the backpack belongs to Mr. Gattison or that he knew the firearm was in the bag. Furthermore, there was no allegation that Mr. Gattison reached for the firearm, attempted to discard and conceal the firearm or ran away from the police. identification evidence in this case.

3. History and Characteristics of the Defendant

Mr. Gattison's record demonstrates that he is amenable to supervision, particularly under the very restrictive conditions that have been proposed. Notably, Mr. Gattison was not under location monitoring at the time of this offense. He can be required to stay at his mother's home, with the narrow exception of when he goes to the assisted living facility and the concert venue where he works.

Given that Mr. Gattison has a minimal and non-violent record, the nature and circumstances of this offense do not support a finding of future dangerousness, by clear and convincing evidence. *See Munchel v. United States*, 991 F.3d 1273, 1283 (D.C. Cir 2021). ("Therefore, to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community."). In short, the government, on this record cannot identify an articulable threat that, by clear and convincing evidence, requires detention. Conditions can be fashioned to identify the threat because this Court has available to it the option of home detention.

Mr. Gattison has never acted in violence, except for the unavoidable incident where two individuals pulled a gun and tried to rob him. And while the government alleges that he is a dangerous individual simply because it alleges that he possessed a firearm, there is nothing in his

history that supports this allegation. His history demonstrates that he can be complaint when placed under strict conditions of supervision.

      4. The Nature and Seriousness of the Danger to Any Person in the Community

Mr. Gattison is not a danger to anyone in the community. Mr. Gattison is attempting to build his life and works two jobs to advance himself. He enjoys working at an assisted living facility where he can be of help to those whom are elderly and sometimes frail. In this case, the evidence does not demonstrate that Mr. Gattison possessed a firearm, much less brandished it.

To the extent the Court is concerned with his dangerousness, the restrictive conditions such as home detention, location monitoring or a third party custodian would reasonably assure the safety of the community. Pretrial Services Agency has deemed his mother qualified to be a third party custodian.

The government cannot prove Mr. Gattison to be dangerous, especially by clear and convincing evidence, with the conditions available to the Court. The Court should release him.

## Conclusion

Wherefore, for the foregoing reasons, the government has not met its burden of demonstrating that there no conditions or combination of conditions that will assure the safety of the community. Mr. Gattison respectfully requests that the Court deny the government's Motion and place him under the supervision of the Pretrial Services Agency with conditions.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500